IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IGGESUND TOOLS AB, and<br>IGGESUND TOOLS, INC.<br><br>   Plaintiffs,<br><br>  v.<br><br>KEY KNIFE, INC.<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE<br>) NO.  1:07-cv-00949-WSD<br>)<br>)<br>)<br>)<br>)<br>) |

**IGGESUND'S REPLY CLAIM CONSTRUCTION BRIEF**

## **TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ........................................................................................1

II. THE NEWLY IDENTIFIED REFERENCES....................................................1

III. IGGESUND'S PENDING DIVISIONAL APPLICATION ...........................4

IV. "[S]IZED AND SHAPED TO REGISTER" .....................................................6

V. CONCLUSION.............................................................................................7

-ii-

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Nazomi Commc'ns., Inc. v. Arm Holdings, PLC.*, 403 F.3d 1364
    (Fed. Cir. 2005)...............................................................................................2

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) ............................................1

*Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306 (Fed. Cir. 2005) ...................................2

**Statutes**

37 C.F.R. § 1.146 ......................................................................................................5

I.  **<u>INTRODUCTION</u>**

In its Response brief, Key Knife identified new evidence in support of its proposed claim construction. Iggesund had no prior notice that this new evidence would be used in support of Key Knife's arguments, nor is the evidence responsive to any argument made in Iggesund's opening brief. Therefore, Iggesund submits this brief memorandum in reply.

II. **<u>THE NEWLY IDENTIFIED REFERENCES</u>**

Key Knife now claims that two prior art references -- French Patent No. 2477945 ("Baubiat") and Swiss Patent No. CH 687182 ("Doberl") -- "will render the '626 Patent invalid" unless the claims are construed to exclude the embodiments of Figs. 3-5. (Key Knife Resp. Br. at 4-5). The Court should reject this argument.

First, the argument rests entirely on extrinsic evidence. The claim language and the intrinsic evidence support Iggesund's construction which reads on the embodiments of Figs. 3-5. (Iggesund's Resp. Br. at 12-19). Therefore, even if one or both of these references did raise a substantial question of validity, it would not be relevant to claim construction. The Court is not free to ignore or discount the intrinsic evidence and plain meaning of the claims simply to bolster an argument in favor of validity. In *Phillips v. AWH Corp.,* the Federal Circuit clearly stated that claims should only be construed to preserve their validity when "the

court concludes, <u>after applying all the available tools of claim construction</u>, that the claim is still ambiguous." 415 F.3d 1303, 1327 (Fed. Cir. 2005) (Emphasis added). Similarly, in *Nazomi Commc'ns., Inc. v. Arm Holdings, PLC.*, the Federal Circuit stated that "[i]n thus focusing on validity, this limited approach glosses over, if it does not ignore entirely, the intrinsic evidence – the claims, specification, and prosecution history – that must inform the court's claim construction." 403 F.3d 1364, 1368 (Fed. Cir. 2005).

Second, Key Knife has not come close to meeting its burden of proving invalidity by clear and convincing evidence. *Lisle Corp. v. A.J. Mfg. Co.*, 398 F.3d 1306, 1316 (Fed. Cir. 2005). Key Knife has not articulated how Baubiat or Doberl would read on the asserted claims of the '626 patent as construed by Iggesund and has not even provided the Court with an English translation of either reference.

Third, neither reference reads on the asserted claims. For example, Baubiat (English translation attached, Tab A) does not disclose the required first clamping surface with opposed clamping features on the <u>rear</u> or <u>back</u> of a knife. When in use, the knife assembly shown in Fig. 3 of Baubiat rotates in a direction "D" such that the expelled chips impact and are guided by inclined face 46 of fixing element 30. (See Tab B, annotated reproductions of Fig. 3 of Baubiat and

Fig. 4 of the '626 patent). At best then, Baubiat discloses two inclined surfaces (25, 26) which are used for clamping on a <u>front</u> side of a knife. By contrast, the knife of the Fig. 4 embodiment of the '626 patent rotates in direction D and clamping features (150, 140) are located on the back side of the knife. (See Tab B). Moreover, the clamping forces which act on the two inclined surfaces (25, 26) of the front of the Baubiat knife are not concentrated in a direction that is away from the middle section and toward the cutting edges of the knife. The clamping forces are actually directed away from knife edges (15, 16) as shown by arrows E and F. (See Tab B). By contrast, the clamping forces in the Fig. 4 embodiment of the '626 patent are directed toward the cutting edges (36, 34) of the knife. (See arrows E' and F' in Tab B).

        Doberl (English translation attached, Tab C) is directed toward the problem of blade fracture, not twisting. Doberl does not depict a clamping assembly in any of its figures. Fig. 2 of Doberl discloses a single "concave trapezoid guide 4" in the back side of knife 1. There is no description of any clamping assembly engaging that guide and certainly no suggestion that a clamping assembly would, in practice, engage and exert clamping forces on the opposite sides of the "guide 4" toward the cutting edges. Rather, "guide 4" is described as a single element, used in some undescribed way in a "blade holder,"

that apparently contacts the bottom of the "concave trapezoid guide 4" in the middle of the back side of the knife.  On the front side of the knife, an opposing force is applied to the "even pressing surface" so that the knife is fixed by opposing compressing forces operating on the <u>middle section</u> of the knife:

> Fig. 2 shows the cross section of a reversible blade 1 that features a concave trapezoid guide 4 in the holding element 2 in the compressive resilience area and opposite an even pressing surface.

(See column 4 in Tab C).  Thus, Doberl also fails to disclose clamping forces that are localized and located away from the middle of the knife and toward the edges of the knife.  The knife of Fig. 2 of Doberl in this respect adds nothing to the Derivaz reference which the Examiner relied on during prosecution and, in fact, is less relevant in that Derivaz showed two clamping features while Doberl shows only one.  Moreover, Doberl cites to another reference, EP-B 0117991, which is the European counterpart of Derivaz, and thus suggests that the Doberl knives are mounted in the same way as in Derivaz.

### III.   <u>IGGESUND'S PENDING DIVISIONAL APPLICATION</u>

Iggesund's Response memorandum addressed Key Knife's original arguments based on the election of species made during prosecution of the '626 patent.  (Iggesund's Resp. Br. at 12-19).  In its reply, Key Knife now relies on a different election of species Iggesund made on June 7, 2007 (long before Key

Knife filed its reply brief) during prosecution of a pending divisional application of the '626 patent. (Key Knife Resp. Br. at 4 n.2). Specifically, Key Knife claims that because Iggesund elected the species of Fig. 3 in the pending divisional application, that means the claims of the previously issued '626 patent should be limited to the embodiment of Fig. 2. This argument is without merit.

First, Iggesund's election of the Fig. 3 species in the divisional application did not take place until June 7, 2007, 5 months after the '626 patent had already issued. Such action cannot retroactively change the meaning of the previously issued '626 patent claims.

Second, there is no rule that requires the claims in two related applications to be restricted to the different individual species elected in each application. In fact, 37 C.F.R. 1.146 expressly precludes such restriction if a claim generic to both species is allowed. That is what happened in the '626 patent as explained in our Responsive brief. (Iggesund Resp. Br. at 16-17). And, while Key Knife conveniently ignores this fact, in responding to the election of species requirement in the divisional application, Iggesund plainly stated that at least Claims 1-3 of that application were generic as well. (App. Ex. 6, p. 5). Thus, the claims of the divisional application are no more restricted to the embodiment of Fig. 3 than are the claims of the '626 restricted to the embodiment of Fig. 2.

5

## IV.   "[S]IZED AND SHAPED TO REGISTER"

On page 20 of its Response Brief, Key Knife for the first time relies on Fig. 8 of the '626 patent, and the accompanying description, which relate to a method of sharpening a knife when <u>not</u> in use, in support of its construction of the term "register."  None of the asserted claims of the '626 patent relate to a method of sharpening a knife.  Rather, they relate to the knife or its use in a cutting machine.  The passage quoted by Key Knife is irrelevant.  Moreover, Key Knife fails to acknowledge the following passage in which the term "register" is (consistent with Iggesund's proposed construction) used to describe the manner in which the clamping component and clamping features of the knife cooperate to index or position the knife when actually in use:

> Similarly, the knife 32 will also be directed to the predetermined position by engaging the clamping features 148, 150 having the alternative diagonal shape described above and shown in FIGS. 3-5.
>
> \*       \*       \*
>
> It will be appreciated that <u>such locating features, cooperating with the rear clamping component 18, permit the automatic positioning</u> of the knife 32 as the clamping assembly 10 is tightened on the knife 32.  Thus, the exposed cutting edge 34 can be quickly and <u>precisely positioned</u> relative to the clamping assembly 10 without requiring exacting or time-consuming work by the person installing the knife 32.  Further accuracy of position can be maintained when the knife is subjected to load.  <u>In this regard, it is necessary for the rear clamping component</u>

> <u>18 to have the appropriate features to register</u> with the clamping features of the knife and bear the majority of the clamping and cutting forces.

(App. Ex. 3, col. 11: 47-67) (emphasis added).

## V.     **CONCLUSION**

For all the reasons set forth above and in our opening and responsive briefs, Iggesund respectfully requests the Court adopt its proposed claim construction.

Respectfully submitted this ___ day of December, 2007.

                Pasquale A. Razzano
                Fitzpatrick, Cella, Harper & Scinto
                30 Rockefeller Plaza
                New York, New York 10112-3801
                Tel.:  (212) 218-2100
                Fax:  (212) 218-2200
                prazzano@fchs.com

                George L. Murphy, Jr.
                Georgia Bar Number 530376
                Audra A. Dial
                Georgia Bar Number 220298
                Kilpatrick Stockton LLP
                1100 Peachtree Street
                Suite 2800
                Atlanta, Georgia 30309
                Tel.: (404) 815-6500
                Fax:  (404) 815-6555
                gmurphy@kilpatrickstockton.com
                adial@kilpatrickstockton.com
                *Counsel for Plaintiffs*

FCHS_WS 1831899_1.DOC

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, in accordance with Local Rule 7.1D, that the foregoing document was prepared using 14 point Times New Roman font, one of the font and point selections approved this Court in Local Rule 5.1C.

                                              Audra A. Dial
                                              Georgia Bar Number 220298
Kilpatrick Stockton LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309
Tel.:  (404) 815-6500
Fax:  (404) 815-6555
adial@kilpatrickstockton.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing IGGESUND'S REPLY CLAIM CONSTRUCTION BRIEF with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

      John M. Bowler (john.bowler@troutmansanders.com)

      Douglas D. Salyers (doug.salyers@troutmansanders.com)

This ___ day of December, 2007.

                                                      Audra A. Dial
                                                      Georgia Bar Number 220298
                                                      Kilpatrick Stockton LLP
                                                      1100 Peachtree Street
                                                      Suite 2800
                                                      Atlanta, Georgia 30309
                                                      Tel.:  (404) 815-6500
                                                      Fax:  (404) 815-6555
                                                      adial@kilpatrickstockton.com